HAWKE ET AL. *v.* THE BALTIMORE & OHIO SOUTHWESTERN RD. CO.

*Contracts — Attorney and client — Contingent fee and exclusive right to settle damage claim — Champertous and void, when — Promise by tort-feasor to recognize contract — Without consideration and nudum pactum, when — Liability of tort-feasor after direct settlement with claimant.*

1. A contract for an attorney's fee contingent upon the amount to be recovered, which provides that the client can not settle his claim without the consent of the attorney, is void on the grounds that it is champertous and contrary to public policy.

2. A promise by the tort-feasor to the attorney of the claimant that it recognized the contract of employment and would protect the attorney under the terms of the contract, in the absence of consideration for the promise, is *nudum pactum* and not enforceable against the tort-feasor; and this is not altered by the fact that the settlement was made after the tort-feasor had informed the claimant and agreed that it would settle with his attorney.

(Decided June 18, 1917.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Robert S. Alcorn,* for plaintiffs in error.
*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for defendant in error.

GORMAN, J. The plaintiffs in error, George S. Hawke and Ernest N. Paooas, were employed by one Mike Pintar to represent him and to present a claim for personal injuries which he claimed to have received while in the employ of the defendant company, owing to the negligence of said company. The injuries which said Pintar received were quite severe.

Plaintiffs in error claimed that they had a contract with said Mike Pintar whereby they were to receive twenty-five per cent. of any and all sums which they should succeed in getting from the railroad company, either through settlement and compromise, or at the termination of litigation. They aver in their second amended petition that they notified the defendant that they had such a contract of employment whereby they were to be paid an amount equal to twenty-five per cent. of whatever should be paid by way of compromise or as a result of litigation; that thereafter the defendant company through its officers and agents negotiated with plaintiffs in an effort to settle said claim and the defendant company informed the plaintiffs that it recognized their contract of employment and would protect them under the terms thereof; that, thereafter, without the knowledge of the plaintiffs and without their consent or acquiescence, the defendant company settled said claim directly with Mike Pintar for the sum of $2,000; and that said settlement was made after defendant

had informed Pintar and agreed that it would settle with his attorneys. Plaintiffs further aver that after said settlement the defendant again recognized plaintiff's contract with Pintar and offered to pay plaintiffs a sum in full of its obligation to them by reason of the aforesaid facts; but that defendant refuses to pay plaintiffs either the sum of $2,500 or a sum equal to twenty-five per cent. of the amount actually paid to Pintar. Plaintiffs pray judgment for $2,500 against the defendant company.

To this second amended petition the defendant company demurred, and the common pleas court sustained the demurrer on the ground that the plaintiffs' second amended petition failed to state a cause of action against the defendant. And the plaintiffs not desiring to plead further a judgment was entered in favor of the defendant.

The plaintiffs in error, plaintiffs below, prosecute error to this court, and ask for a reversal of this judgment.

Three questions are presented by the averments of the petition:

First, did the plaintiffs acquire any right by reason of the contract with Pintar which they were in a position to enforce against the defendant company? We are of the opinion that they did not, and this conclusion is based upon the decision in *Pennsylvania Co.* v. *Thatcher,* 78 Ohio St., 175, which holds in substance that the plaintiffs acquired no right by their contract with Pintar which would prevent the defendant from making a settlement with Pintar of his entire claim. The case of *Davy et al.* v. *The Fidelity & Casualty Ins. Co.,*

78 Ohio St., 256, holds that a contract for an attorney's fee contingent upon the amount to be recovered by judgment or settlement is ordinarily valid, but that a contract which precludes the client from compromising or making a settlement is champertous and voidable. Therefore, if in this case the plaintiffs had a provision in their contract with Pintar that Pintar could not settle his claim with the defendant company without the consent of his counsel, such a contract would be void on the grounds that it is champertous and contrary to public policy.

The second question for consideration is whether or not the plaintiffs acquired any right against the defendant by reason of the fact, as they aver, that the defendant informed plaintiffs that it recognized their contract of employment and would protect them under the terms thereof. There is no consideration averred to have passed from plaintiff to defendant for this promise. It was a mere *nudum pactum,* and not enforceable against the defendant. The defendant promised to protect the plaintiffs under their contract, but there was no consideration moving to the defendant for this promise and it was not therefore bound to observe the promise.

The third proposition is that the said settlement was made after the defendant had informed Pintar and agreed that it would settle with his attorneys. It is claimed by counsel for plaintiffs in error that this averment brings the case within the rule laid down in *Emmitt* v. *Brophy,* 42 Ohio St., 82, in which the court sustains the rule that a contract made between two persons for the benefit of a third may be enforced for the benefit of the third

person; but that case holds that when the contract is entered into for the benefit of the third person, upon a valid consideration moving from one person to another, then the third person may enforce the contract. But the averments of this petition fail to disclose that there was any consideration moving to the B. & O. railroad from Pintar or the plaintiffs in error to induce it to make the compromise to settle with Pintar's attorneys, plaintiffs in error. If the averment of the petition was to the effect that as part of the consideration for settling with Pintar the defendant company agreed and promised to settle with plaintiffs in error, Pintar's attorneys, we have no doubt that this averment would make the petition proof against a demurrer. But in the absence of any averment in the petition to the effect that as a part of the consideration of the settlement with Pintar the defendant company agreed to pay plaintiffs in error as attorneys for Pintar, or promised to settle with them, we find there is failure of consideration to support this promise.

For the reasons stated we think that the conclusion reached by the trial court is correct, and that the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

JONES, P. J., and HAMILTON, J., concur.